UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JOGAAK JOGAAK,<br><br>    Plaintiff,<br><br>vs.<br><br>CALEB EVANS, Correction Officer, Faculty Security at Jameson Annex; LEONARD MOORE, Correction Officer, Faculty Security at Jameson Annex; JESSE RAYLEY, Correction Officer, Faculty Security at Jameson Annex; JOLE DOWNS, Correction Officer, Faculty Security at Jameson Annex; TRAVIS VECKER,[1] Correction Officer, Faculty Security at Jameson Annex, in his individual and official capacity; MORGAN DEPPE, Correction Officer, Faculty Security at Jameson Annex, in his or her individual and official capacity; IAN PARKER, Correction Officer, Faculty Security at Jameson Annex, in his individual and official capacity; AUSTIN JOHNS, Correction Officer, Faculty Security at Jameson Annex, in his individual and official capacity; MITCHELL DAWY, Correction Officer, Faculty Security at Jameson Annex, in his individual and official capacity; CHARLES REED, Correction Officer, Faculty Security at Jameson Annex, in his individual and official capacity; DONALD WILLIAMS, Correction Officer, Faculty Security at Jameson Annex, in his individual and official capacity; BRIAN MANJAMA, Correction Officer, Faculty Security at Jameson Annex, in his individual and official capacity; STEVEN SWIGERT, Correction Officer, Faculty Security at Jameson Annex, in his individual and official capacity; JACK WALTER, Correction Officer, Faculty Security | 4:23-CV-04087-LLP<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING |

---

[1] Jogaak refers to Travis Vecker in the caption and later to Officer Uecker in the complaint. *See* Doc. 1 at 3, 13. For screening purposes, the Court assumes that Jogaak is referring to the same person.

|  |  |
|---|---|
| at Jameson Annex, in his individual and official capacity,<br><br>                    Defendants. |  |

Plaintiff, Jogaak Jogaak, an inmate at the South Dakota State Penitentiary, filed a pro se lawsuit under 42 U.S.C. § 1983 alleging violations of the Fourteenth Amendment. Doc. 1 at 10. Jogaak filed a motion to proceed in forma pauperis and provided his prisoner trust accounts report. Docs. 2, 3. This order shall address Jogaak's motion to proceed in forma pauperis as well as an initial screening of his complaint.

## MOTION TO PROCEED IN FORMA PAUPERIS

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The Court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A)  the average monthly deposits to the prisoner's account; or
(B)  the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Jogaak filed a motion to proceed in forma pauperis. Doc. 2. His prisoner trust account report shows his average monthly deposits to be $29.16 and his average monthly balance as $18.45. Doc. 3 at 1. Because Jogaak would owe more than his average monthly balance as his initial

2

partial filing fee, the Court grants Jogaak leave to proceed in forma pauperis and waives his initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Jogaak must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure.

The clerk of the Court will send a copy of this order to the appropriate financial official at plaintiff's institution. Jogaak will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

## 1915A SCREENING

### I.  Factual Background

Jogaak alleges that the defendants violated his Fourteenth Amendment right to substantive due process by denying his and other inmates' rights to recreation during appropriate times. Doc. 1 at 10. On seven different occasions, April 25, 2023; April 28, 2023; April 29, 2023; May 2, 2023; May 3, 2023; May 6, 2023; and May 8, 2023, the defendants denied Jogaak and other inmates the "right to recreation during the appropriate times, and at the designated

areas[.]" *Id.* Jogaak claims that the defendants' "actions were 'arbitrary and irrational,' exceeding negligence and indifference" as they "omitted to act in a situation where they had a duty to act[.]" *Id.* He states that the defendants' duty was ensuring the inmates were permitted daily recreation. *Id.* He also claims that the defendants omitted to act "willfully and wantonly with a conscious indifference to consequences so far as others may be affected." *Id.* Because of the defendants' actions, Jogaak claims he experienced anxiety, depression, emotional distress, and cumulative trauma that increased in severity with repetition of each omission. *Id.*

For violating his Fourteenth Amendment rights, Jogaak sues four of the officers in their official capacity: Leonard Moore, Caleb Evans, Jessee Rayley, and Jole Downs.[2] *Id.* at 2. Jogaak sues the remaining defendants in their individual and official capacities for violating his Fourteenth Amendment rights. *Id.* All defendants at all times relevant were employed as correctional officers at the South Dakota State Penitentiary. *Id.* at 2-7.

Jogaak seeks from each defendant "$3,000 in punitive damages for each day of omission to punish the defendants for their outrageous conduct[,] . . . to serve as a deterrence of the defendants from future negligence[,] and to serve as a deterrence to others from engaging in such conduct by making an example of the defendants." *Id.* at 13. Jogaak states the amount he asks for from each defendant: $21,00.00 from Evans; $15,000.00 from Downs; $15,000.00 from Uecker; $12,000.00 from Dawy; $12,000.00 from Deppe; $6,000.00 from Moore; $6,000.00 from Rayley; $6,000.00 from Williams; $6,000.00 from Parker; $6,000.00 from Swigert; $3,000.00

---

[2] Because Jogaak did not specify whether he was suing Moore, Evans, Rayley, and Downs in their official or individual capacity, the Court considers the suit to be against the defendants solely in their official capacity. *See Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (providing that when plaintiff's "complaint does not include an 'express statement' that she is suing the individual defendants in their individual capacities, we consider her suit to be 'against the defendants in their official capacity.'").

4

from Johns; $3,000.00 from Reed; $3,000.00 from Manjama; and $3,000.00 from Walter. *Id.* Jogaak "also respectfully request[s] for declaratory relief." *Id.*

## II.   Legal Standard

The Court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007*)*; *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (citations omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the Court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Jogaak alleges violations of the Fourteenth Amendment. The Court will now assess the claims under 28 U.S.C. § 1915A.

### III. Discussion

#### A. Official Capacity Claims

Jogaak sued four defendants in solely their official capacity, and he sued the remaining ten defendants in their official and individual capacity. Doc. 1 at 2-7. All defendants were employed by the South Dakota State Penitentiary at the time of the incidents in question, which is under the South Dakota Department of Corrections. *Id.* As the Supreme Court has stated, "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). Thus, it is a suit against the state itself. While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Id.* at 66.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. *Id.* But when an official capacity claim is asserted for injunctive relief against a state officer, the defense of qualified immunity does not apply. *See Pearson v. Callahan*, 555 U.S. 223, 242-243 (2009). Here, Jogaak seeks solely money damages and unspecified declaratory relief. Doc. 1 at 13. Claims against defendants in their official capacities are the equivalent of claims for money damages against the state of South Dakota. The state of South Dakota has not waived its sovereign immunity to allow Jogaak's official capacity claims for money damages. Thus, the defendants are protected against official capacity claims for money damages, and Jogaak's official capacity claims

6

for money damages are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### B. Eighth Amendment Claims

"Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

> Thus, each Government official ... is only liable for his or her own misconduct. As we have held, a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation.

*Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (cleaned up). Jogaak's individual capacity claims must allege that each individual defendant either participated in the unconstitutional conduct or caused the conduct to occur through a failure to train or supervise the offending actor.

Jogaak alleges the correction officers violated his substantive due process rights. Doc. 1 at 10. The Fourteenth Amendment states in part: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. For conduct to amount to a substantive due process violation the plaintiff must allege facts to show that the state actor's conduct was egregious, arbitrary, or conscience shocking. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998) (citing *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 128 (1992)). The court must look at the circumstances to determine whether the abuse of power is conscience shocking. *Id.* at 850, 852-54 (explaining that the court should look at whether the state actor had to make the decision instantly or if the actor had time to deliberate and then choose). The United States Supreme Court identified that the rights provided by the first eight

7

amendments pose a substantive due process liberty interest. *United States v. Carolene Products Co.*, 304 U.S. 144, 152 n.4 (1938).

"[W]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Cnty. of Sacramento*, 523 U.S. at 842 (1998) (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994)). The Eighth Circuit identified a cause of action for violation of the Eighth Amendment for deliberate indifference to prisoners' exercise needs. *Wishon v. Gammon*, 978 F.2d 446, 448-49 (1992). Deliberate indifference requires an objective component that "there was a substantial risk of serious harm to the victim" and a subjective component that "the prison official was deliberately indifferent to that risk of harm[.]" *Letterman v. Does*, 789 F.3d 856, 861-62 (8th Cir. 2015) (citation omitted). "To establish an Eighth Amendment violation, a prison must show that the alleged deprivation, viewed objectively, is 'sufficiently serious' and that the prison officials' actions, viewed subjectively, demonstrate a 'deliberate indifference' to the prisoner's health or safety." *Rahman X v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002) (quoting *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998)). "A deprivation is 'sufficiently serious' if it denies a prisoner the 'minimum civilized measures of life's necessity.' " *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The "lack of exercise may be a constitutional violation if one's muscles are allowed to atrophy or if an inmate's health is threatened." *Wishon*, 978 F.2d at 448-49 (citation omitted). The Eighth Circuit held that "[w]hile there may be some time less than ninety days [with denial of out-of-cell exercise opportunities] that violates the Eighth Amendment, we do not think that the thirty-seven day period in this instance [when the prisoner was in segregation] does so." *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003).

Here, Jogaak asserted he and other inmates have been denied recreation seven nonconsecutive times within a two-week period. Doc. 1 at 10. Jogaak alleges that the defendants' "actions were 'arbitrary and irrational' " for failing to provide seven days of recreation time. *Id.* He must show that there was a substantial risk of harm to him for failure to have recreation for seven days. *Id.*; *see also Letterman*, 789 F.3d at 861. Then, Jogaak must show that the prison officials were deliberately indifferent to that risk of harm. *Letterman*, 789 F.3d at 861-62. Because Jogaak fails to assert that there was a substantial risk of harm and that the defendants were deliberately indifferent to that risk, Jogaak's Eighth Amendment claims are dismissed without prejudice for failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### C. Strike Under 28 U.S.C. 1915(g)

The Court finds that Jogaak's complaint fails to state a claim upon which relief may be granted. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Because Jogaak's complaint is dismissed for failure to state a claim upon which relief may be granted, this dismissal will count as a strike.

Accordingly, it is ORDERED

1. That Jogaak's motion to proceed in forma pauperis (Doc. 2) is granted.
2. That the institution having custody of Jogaak is directed that whenever the amount in Jogaak's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the

9

preceding month to Jogaak's trust account shall be forwarded to the U.S. District Court Clerk's Office under to 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid.

3. That Jogaak's claims against the defendants in their official capacities for money damages are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

4. That Jogaak's Eighth Amendment claims against the defendants are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5. That this action constitutes a strike against Jogaak for purposes of the three-strikes rule under 28 U.S.C. § 1915(g).

DATED August 23, 2023.

ATTEST:
MATTHEW W. THELEN, CLERK

BY THE COURT:

Lawrence L. Piersol
United States District Judge